SPENCER STAFFORD and others v. JAMES ROGERS.

On taking exceptions to a master's report, the party excepting is not bound either to make a deposite, or to set down the exceptions to be argued; either party may set them down. No deposites in this court, except by express rule.

1824.
March 15.

Practice.
Exceptions.
Deposite.

THIS cause had been formerly referred to a master to take an account : and the parties had attended before master Hawley, upon the coming in of whose report, stating a considerable balance due to the complainants, the defendant filed exceptions ; but he neither made a deposite, or set down the exceptions to be argued.

The complainant's solicitor, conceiving that the mere filing of exceptions was not sufficient to stay him from proceeding to a decree, procured from the Register a certificate that no deposite had been made at the Register's office, and that the exceptions had not been set down to be argued; and on this entered a rule confirming the report, and set down the cause for hearing at the now ensuing term.

·1824.

STAFFORD
v.
.Rogers

Mr. HENRY, on an affidavit of the above facts, now moved to discharge the order for confirming the report, and he added his own affidavit, that within his experience he had not known any such practice as that of making a deposite, or that the party taking exceptions was obliged to set them down to be argued.

On the other side was read an affidavit that the defendant was insolvent; on which ground the complainant had offered to dismiss his bill without costs, &c.

In support of his motion, Mr. HENRY observed with regard to the exceptions themselves, that they were by no means for delay, but that they involved points of much importance. Upon the point of practice, he relied on the well known course of this court; and cited Blake's Practice, 269. 272., to show the absence of all notice of it in that treatise.

Mr. FOOT, for the complainants. By the English practice the party excepting must both make a deposite of £5, and set down the exceptions for argument. Newland's Practice, 174, 175.; Gildart v. Moss, 4 Vesey, 617. The deposite if made, would be some small satisfaction, for costs, which we can not otherwise obtain, as the defendant is insolvent; and it seems to be a necessary check against exceptions, which are of the nature of dilatory pleas. The English practice is ours, unless varied by express rule or adjudication; and as applicable to exceptions to an answer, it has been adopted. Myers v. Bradford, 4 John. ch. 434. We admit the exceptions to be important; but either party may set them down, and we did not wish to assume the expense.

THE COURT intimated to Mr. HENRY, that he need not argue upon the point of the deposite: no such rule had ever been adopted in this state. The court also said that all deposites with us are governed by express rules of the court. ·

*No depo sites in this court except by express rule.*

**1824.**

STAFFORD
v.
ROGERS.

Mr. HENRY. In my experience, no such rule of practice as that now contended for, as to setting down exceptions, has ever been known in this court.

There is no force in the observation, that the complainant incurs costs by setting down the exceptions. What costs? When the exceptions come on, we hold the affirmative; and we must therefore procure all the necessary copies, or we fail at the opening.

The rule contended for is useless; for either party may set down the exceptions at the next term; and all the English cases, except 4 Vesey, 617., relate to exceptions to answers.

The case of Jaques v. The Methodist Episcopal Church, 2 John. ch. 543., is a strong proof that our practice is not such as alleged. That case was keenly litigated by able solicitors; and the point now insisted on was not taken, though a term intervened between taking the exceptions and setting them down for hearing.

But should the court be against us upon the merits of the application, it will still let us in upon terms; as the point is new and the exceptions important, both in principle and amount.

THE COURT said that it would consider the point which remained undecided; and the next day it was decided, that by the practice of this court, the party taking exceptions, is not compelled to set them down for argument. As either party may do it, there is no reason for the English practice, which in this particular, has never been adopted in this court.

Motion granted.